# Third District Court of Appeal

## State of Florida

Opinion filed August 28, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1445
Lower Tribunal Nos. F12-3062; F07-30861; F08-1339; F08-26056; F11-33546 & F12-747

_____

## Deymus Ramos Gonzalez,
Appellant,

vs.

## The State of Florida,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Carlos J. Martinez, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.

Before LOGUE, C.J., and LINDSEY and GORDO, JJ.

LOGUE, C.J.

Deymus Ramos Gonzalez appeals the trial court's order revoking his probation and sentencing him. We affirm the trial court's revocation of probation and sentence. We remand, however, so that the trial court may render the written statutory findings necessary under section 948.06(8)(e), Florida Statutes (2021).

Gonzalez was on probation in six separate cases for various charges, including armed home invasion robbery under section 812.135, Florida Statutes, and aggravated stalking under section 784.048(4), Florida Statutes. Each of these are qualifying offenses under sections 948.06(8)(c)(6) & (8)(c)(15), Florida Statutes, which rendered Gonzalez a violent felony offender of special concern under section 948.06(8)(b), Florida Statutes. At his sentencing for violation of probation, the trial court orally pronounced Gonzalez to be a danger to the community but did not reduce its findings to writing.

Section 948.06(8)(e)(1), Florida Statutes, requires that the trial court make written findings articulating whether a violent felony offender of special concern poses a danger to the community. The trial court here did not make the mandatory written findings as to whether Gonzalez posed a danger to the community as required by section 948.06(8)(e)(1). We therefore remand for entry of a written order conforming to the trial court's oral pronouncement

2

that Gonzalez posed a danger to the community. <u>See</u> <u>Saladriga v. State</u>, 291 So. 3d 998 (Fla. 3d DCA 2020); <u>McCray v. State</u>, 282 So. 3d 158 (Fla. 2d DCA 2019). <u>See also</u> <u>McCray v. State</u>, 283 So. 3d 406, 408 (Fla. 3d DCA 2019) ("The written findings requirement of section 948.06(8)(e) is mandatory, not discretionary.").

Affirmed; remanded with instructions.